JACOB POLLOCK AND LEO POLLOCK, CO-PARTNERS AS J. POL-LOCK & COMPANY, *Plaintiffs in Error,* v. VANDELIA VAR-NUM THOMAS AND MARY L. BARTELME, EXECUTRICES OF THE LAST WILL OF H. W. THOMAS, DECEASED, *Defendants in Error.*

A witness who testifies that he went to a dwelling for the purpose of getting the signature of the wife *only* to an accommodation note may be asked on cross-examination if he did not state immediately theretofore that he would get the signature of both husband and wife.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Reeves* & *Watson*, for Plaintiffs in Error;

*D. C. Campbell* & *Son*, for Defendants in Error.

COCKRELL, J.—This is an action against the personal representatives of H. W. Thomas, deceased, upon a joint and several promissory note, purporting to have been signed by the said Thomas, his wife Vandelia Varnum Thomas, J. H. Laird and Ada Laird; the note is an accommodation note, for an indebtedness due from Laird to J. Pollock & Company. There was a plea denying the execution of the note by H. W. Thomas.

Upon the trial Mrs. Thomas testified that she signed her husband's name to the note without lawful authority. Witnesses for the plaintiff testified to admissions by Mrs. Thomas, after her qualification as executrix, tending to prove that she signed her husband's name by direct authority, and it is also in evidence without contradiction that the two signatures are unlike, and she herself says she was accustomed to signing all her husband's checks and other papers, and that an expert could not tell her signature from his. At the time of the execution of the note, he was very old, about seventy-five years of age, and in bed.

The cause was fought out upon the issue of her authority to sign the particular instrument, and it became very material whether the husband authorized her to sign her own name or to sign both names.

W. D. Laird, who apparently represented the debtor, J. H. Laird, testified for the defense that he took the note over to the Thomas residence, and asked only for the sig-

nature of Mrs. Thomas; that he went there only for the purpose of getting her signature, and that she brought the note to him with both signatures. It is rather remarkable if any man in this State should be so ignorant of the law as not to know that the signature of a married woman to the accommodation note would be absolutely of no moment. The plaintiffs on cross-examination sought to prove by this witness that just before going over to the Thomas residence, he stated that he would get the signatures of Dr. Thomas and of Mrs. Thomas.

We think the court erred in rejecting this proffer. It was proper impeachment of his testimony that he went for the purpose of getting her signature only—material evidence in support of her own to the effect that after signing her own name as requested, she signed her husband's merely for good measure as it were, and without consulting him.

The case presents some peculiar features and we think should be passed upon by another jury.

We discover no special criticism of the court's charges.

Judgment reversed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AKD HOCKER, J. J., concur.